IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mark Anthony Owens, #281410, | C/A No. 5: 11-2397-RMG-KDW |
| Petitioner, | |
| Vs. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Robert M. Stevenson, III,[1] Warden of Broad River Correctional Institution, | |
| Respondent. | |

Petitioner ("Petitioner" or "Owens"), a state prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, for a Report and Recommendation on Respondent's Return and Motion for Summary Judgment. ECF Nos. 20, 21. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion. ECF No. 22. Petitioner filed a response in opposition to Respondent's motion. ECF No. 32. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's Motion for Summary Judgment, ECF No. 21, be granted.

---

[1] Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondent Director William Byars was terminated as a party and Respondent Warden Broad River Correctional Institution was added as a party on September 12, 2011, pursuant to the court's order authorizing service of process. ECF No. 10. Accordingly, throughout this Report and Recommendation, the court will refer to Respondent Warden of Broad River Correctional Institution as "Respondent."

I. Background

Petitioner is currently incarcerated in the Broad River Correctional Institution of the South Carolina Department of Corrections ("SCDC") pursuant to orders of commitment from the Clerk of Court for York County. ECF No. 1 at 1. Petitioner was indicted by the York County Grand Jury during the August 23, 2001 Term of the York County Court of General Sessions for Criminal Conspiracy (2001-GS-46-2165), Attempted Armed Robbery (2001-GS-46-2162), Possession of a Firearm During the Commission of a Violent Crime (2001-GS-46-2163), and Possession of a Sawed Off Shotgun (2001-GS-46-2164). App. 297-304.[2]

On January 22-23, 2002, Petitioner was tried by a jury before the Honorable Paul Short, Circuit Court Judge. App. 1-296. After the close of all evidence, Judge Short directed a verdict of not guilty on the Possession of a Firearm During the Commission of a Violent Crime. App. 217. Petitioner was convicted for attempted armed robbery, criminal conspiracy, and possession of a sawed-off shotgun. App. 280-81. On January 23, 2002, Judge Short sentenced Petitioner to five years of confinement for the criminal conspiracy conviction and ten years of confinement for the possession-of-a-sawed-off-shotgun conviction. App. 291. On January 24, 2002, Judge Short sentenced Petitioner to confinement for life on the attempted armed robbery conviction pursuant to the State's motion for a sentence of life without parole. App. 295.

A. Direct Appeal

Petitioner timely served and filed a Notice of Appeal on January 25, 2002. ECF No. 20-4. Petitioner's appeal was perfected with the filing of a Final *Anders*[3] Brief of Appellant on February 10, 2003. ECF No. 20-5. In the *Anders* Brief, counsel argued the court erred when it

---

[2] Citations to "App." refer to the Appendix for Petitioner's direct appeal of his judgment of conviction. That appendix is available at ECF Nos. 20-1 through 20-3 in this habeas matter.
[3] *Anders v. California*, 386 U.S. 738 (1967).

admitted Petitioner's statement into evidence when the state failed to show by a preponderance of the evidence that the *Miranda*[4] requirements were fulfilled. Petitioner filed a pro se response to the *Anders* Brief, which was called "Appellant's Pro Se *Johnson*[5] Brief."[6] ECF No. 20-7. In his response, Petitioner raised three arguments. First, he asserted the court erred "when it admitted [his] oral statement into evidence, where the state failed to show by a preponderance of the evidence that the *Miranda* requirements were fulfilled, violating [his] right against self compelled incrimination, and right to due process afforded to the appellant by the United States Constitution, and Article I § 12, Art, I § 3, of the South Carolina Constitution." *Id.* at 4. Second, Petitioner contended the court erred when it "overruled [his] objection when investigating officer began reading the inadmissable statement in the presence of the jury, violating [his] right under the South Carolina Rules of Evidence Rule 103, (a)(1) 103(c) Art. IV 402 Rule 403 Art. VI Rule 602 Art VIII Rule 803 (5)." *Id.* Third, Petitioner argued the court erred "by allowing the solicteor[sic] to read inadmissable statement to jury in his closing arguements.[sic] Violating [his] rights to the fifth and fourtenth[sic] amendments of the United States Constitution, Art I § 12, Art I § 3, of the South Carolina Constitution." *Id.* In an unpublished opinion filed October 21, 2003, the South Carolina Court of Appeals dismissed Petitioner's direct appeal. ECF No. 20-8.

Petitioner then filed a pro se Petition for Rehearing En Banc. ECF No. 20-9. Petitioner contended his "convictions were illegal and Unconstitutional because they were based on

---

[4] *Miranda v. Arizona,* 384 U.S. 436 (1966).
[5] *Johnson v. State,* 364 S.E.2d 201 (S.C. 1988).
[6] Petitioner filed a Motion to Stay the Appeal, ECF No. 20-6, stating that counsel erroneously filed the *Anders* Brief but failed to raise issues related to the motion for directed verdict and for new trial. The court declined to stay the appeal, but construed Petitioner's motion as a submission pursuant to *Anders*, *id.* at 3, and gave him 45 days to file a pro se brief, *id.* at 8-9.

Uncorroborated incriminating statements taken in violation of *Miranda*." *Id.* at 2. He further asserted "the trial court committed prejudicial error in failing to remove statement from the record, allowing the jury to determine guilt from inadmissible evidence, violating [his] Fifth Amendment right against compelled self incrimination[,] his Sixth Amendment right to a fair trial, and impartial jury, provided by the United States Constitution." *Id.* He further argued the trial court erred in denying his directed verdict motion and motion for a new trial. *Id.* at 4. On December 17, 2003, the South Carolina Court of Appeals filed its Order Denying Petition for Rehearing En Banc. ECF No. 20-10. In the Order, the Court of Appeals denied Petitioner's request, stating that "[a]fter a careful consideration of the Petition for Rehearing En Banc, it was unable to discover any material fact or principle of law that has been overlooked or disregarded, and hence, there [was] no basis for granting a Rehearing En Banc." *Id.* at 1. The Remittitur was issued on February 5, 2004. ECF No. 20-11.

B. PCR Proceedings

1. First PCR Action

On May 27, 2004, Petitioner filed an Application for Post-Conviction Relief (2004-CP-46-1362), alleging he was "denied his fundamental right to due process provided and guaranteed by the fourteenth amendment of the United States Constitution and Art.I § 3 of the South Carolina Constitution, and S.C. codes of laws and procedures[;]" he was "denied his sixth amendment right to effective assistance of counsel of the United States Constitution, and Art. I§14 of the South Carolina Constitution[;]" and "prosecutorial misconduct." ECF No. 20-12 at 2-3. Specifically, Petitioner asserted the following allegations, recited verbatim, regarding his claims of ineffective assistance of counsel:

1) Counsel's performance at trial, fell below the required standards of professional norms expected of attorney's pursuant to STRICKLAND v. WASHINGTON, when he failed to raise a contemporaneous objection, required pursuant to South Carolina RULES OF Court, causing prejudicial bar to applicant seeking appellate review regarding the court's erroneous ruling, that allowed the interrogating officer, to read verbatim from a incriminating statement by applicant, that was ruled inadmissible by the court in a pretrial suppression hearing, as testimony to a oral statement by applicant, in the presence of the jury. Both statements of which was in vio- of MIRANDA, requirements. This deprived applicant, of his fifth amendment right against compelled self-incrimination, and his right to effective assistance of counsel, violating his right to due process and equal protection, provided and guaranteed by the United States Constitution, and Art.1§12,Art.1§14,and Art.1§3, of the South Carolina Constitution.

A) Counsel's performance at trial, was constitutionally deficient when he failed to object to the court's failure to make specific findings of facts and law, to support the admissibility of testimony by officer, reading verbatim from excluded evidence, as support to oral statement by applicant, when;(A)applicant contended at a JACKSON v. DENNO, suppression hearing, that never voluntarily gave statement; (B)that interrogating officer threaten to involve federal authorities if he didn't cooperate, after saying there was nothing he wanted to say.(C) he was never read his MIRANDA, warnings, and that the first time applicant actually saw warnings was after the typing of statement by officer. Upon reading warnings, applicant refused to relinquish his rights to silence, and an attorney. (D) there were several things typed in the statement by officer, applicant denied saying. (E) Officer, testified without any corroberation, that he read rights off a computer screen to applicant. In spite of the contentions by applicant and independent evidence showing that there wasn't a waiver of rights, and officer contradicting testimony under oath, he was allowed to read excluded evidence as testimony, in front of the jury, causing prejudicial effect to applicant, recieving a fair and impartial trial, and due process required by the fourteenth amendment, of the United States Constitution, and Art.1§3, of the South Carolina Constitution.

B) Counsel's ineffectiveness continued to prejudice applicant's ability to receive a fair trial, when he offered into evidence, alleged co-defendant's guilty plea, at trial. thus denying applicant, his fundamental right to a fair trial and equal protection, provided and guaranteed by the United States Constitution, and the South Carolina Constitution.

C) Counsel's ineffectiveness compounded the prejudicial effect of denying applicant, a fair and impartial trial, by failing to raise a contemporaneous objection, when solicitor, began reading verbatim, from surpressed statement, by applicant in front of the jury, at closing argument. This allowed the jury to determine guilt from improper basis.

> Violation of applicant's rights to a fair trial, continued to flow, when solicitor, at closing argument, read verbatim from surpressed statement, of applicant, in front of jury. As a quasijudicial officer of the court, he had to know his actions were improper and unfair to applicant receiving a fair and impartial trial.

*Id.* at 4-5. The Honorable John C. Hayes, III, Circuit Court Judge conducted an evidentiary hearing on this application on May 17, 2006. ECF No. 20-14. Petitioner was present and represented by Matthew Niemiec, Esquire.

In an Order dated May 17, 2006 and filed May 18, 2006, the PCR court denied Petitioner's PCR Application in full. ECF No. 20-15. In the Order, the PCR court indicated Petitioner alleged that he was being held in custody unlawfully for the following reasons:

1. Ineffective Assistance of Counsel;

2. Prosecutorial Misconduct;[7] and

3. Denial of due process.

ECF No. 20-15 at 3. Upon considering the testimony of Petitioner and his PCR counsel, the PCR court found Petitioner had failed to carry his burden of proof as to ineffective assistance of counsel, *id.* at 4, and failed to set forth with specificity the grounds upon which his due process violations were based, *id.* at 5. Petitioner's PCR Application was denied in an Order dated May 17, 2006 and filed May 18, 2006. Petitioner did not appeal this denial.

2. Second PCR Action

On June 4, 2007, Petitioner filed a second PCR Application (2007-CP-46-1902), ECF No. 20-16, asserting the following questions:

---

[7] At the hearing, Petitioner alleged the basis for his allegation of prosecutorial misconduct was counsel's failure to object to the alleged prosecutorial misconduct. As such, the PCR court construed Petitioner's claim of prosecutorial misconduct as an allegation that his counsel was ineffective. ECF No. 20-15 at 3.

6

(A) Did court appointed PCR counsel's omissions at applicant's hearing fall below the mandates of Rule 71.1(d), SCRCP, when he failed to amend pcr application and properly raise claims of:

(1) trial counsel's failures to make an contemporaneous objection required by the rules of court at trial, to ensure that constitutional errors were preserved for review by the Court of Appeals, against what was contended as an erroneous ruling by the trial court, allowing a Miranda defected and involuntary statement to be introduced and read into evidence at trial, when said evidence was excluded at a supression hearing?

(2) trial counsel's introduction of alleged co-defendent's guilty plea into evidence at trial?

(3) trial counsel's failure to again raise the required contemporaneous objection to prosecutor's conduct, when he referred to and read verbatim from evidence (statement), in the presence of the jury, at closing arguments, when statement was rule inadmissible at the supression hearing?

(4) Did PCR counsel's failure to prepare an order specifically setting forth grounds for which aforementioned failures by trial counsel, that led to serious break downs in the adversarial process and infringements upon constitutional right to due process undermine the statutory requirement of §17-27-50 of the code of laws of South Carolina (1976)?

(5) Did PCR counsel's failure to prepare final order to make findings of PCR hearing results and file a rule 59(e) motion for reconsideration, fall below the requirements of rule Rule 52(a) and statutory requirement of §17-27-80?

(6) Did PCR counsel violate applicant's statutory right to appeal pursuant to S.C. Code Ann. §17-27-100(1985); Supreme Court Rule 50(9), when he failed to file a Notice of Intent to Appeal, to preserve claims for review the Court Of Appeals?

*Id.* at 8-9. The Honorable Lee S. Alford, Circuit Court Judge, conducted a hearing on this PCR Application on August 5, 2009. ECF No. 20-18. Petitioner was present and was represented by William M. Brice, Jr., Esquire. The PCR court heard argument at this hearing, but continued the proceeding to allow Petitioner time to review his files. Judge Alford conducted another hearing on November 30, 2009. ECF No. 20-19. Petitioner was present and was represented by William M. Brice, III, Esquire.

The State moved to dismiss all allegations in the second PCR application except for whether Petitioner was entitled to an appeal of his first PCR application. ECF No. 20-19 at 4. In a February 12, 2010 Order, the second PCR court dismissed the allegations of ineffective assistance of trial counsel, violation of due process, and prosecutorial misconduct. ECF No. 20-20 at 4. *Id.* The court found these allegations were successive to the first application for post-conviction relief. *Id.* The court, likewise, dismissed the allegation of ineffective assistance of PCR counsel finding Petitioner's contention that he received ineffective assistance of counsel on his prior PCR application was not a proper ground for relief. *Id.* at 6. Additionally, the court found Petitioner's allegations that PCR counsel failed to appeal the denial of the first PCR application failed because Petitioner was aware of his right to appeal, as well as the time requirement and procedure for appeal, and his testimony that he thought an appeal would automatically be filed on his behalf was not credible. *Id.* at 9. The second PCR court further found that, after substantial prodding by the court, Petitioner had failed to set forth a ground for appeal with any arguable merit. *Id.* at 8-9.

The PCR court concluded that Petitioner had not established any constitutional violations or deprivations that would require the PCR court to grant his application and, thus, denied and dismissed the application with prejudice. *Id.* at 10-11. The PCR court cautioned Petitioner that he was required to "file and serve a notice of appeal within thirty (30) days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review."[8] *Id.* at 10.

---

[8] There is no indication in the record that Petitioner appealed the denial of his second PCR application. Thus, notwithstanding the statute of limitations bar discussed herein, the claims raised in Petitioner's second PCR application, to the extent they are not successive, are procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (finding issue not properly

C. Habeas Petition

Petitioner filed this Petition for writ of habeas corpus on September 6, 2011 pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner raises the following grounds for relief, quoted substantially verbatim:

> Ground One: Ineffective assistance of trial counsel
>
> Supporting facts: Failed to properly submit argument concerning the involuntariness of statement, which was the states case in chief, that led to the violation of petitioners right to Due Process.
>
> Ground Two: Ineffective assistance of counsel in collateral proceeding
>
> Supporting facts: Counsel failed to properly raise claim and submit evidence gathered and timely submitted by applicant, of counsel at trial failure to effectively argue before the court the correct standard for voluntariness of a statement before it is entered as evidence at trial.
>
> Ground Three: Prosecutorial Misconduct
>
> Supporting facts: Prosecutor read verbatim from evidence (statement) in the presence of the jury, which was ruled inadmissible by the Court, because no waivers of rights were shown.
>
> Ground Four: Due Process Violation
>
> Supporting facts: Counsel to pretrial suppression hearing fail to properly argue before the court, the standard regarding the voluntariness of a statement or confession. The court subsequent to this failure applied an erroneous interpretation of voluntariness standard to determine the admissibility of statement as evidence at petitioner's trial.
>
> Issue 2 in brief
>
> PCR Counsel's indifference and or ommission continued to deprive petitioner of a full and complete evidentiary hearing thus sustaining the deprivation of petitioner's due process, when he failed to raise to the PCR Court, trial counsel's offering into evidence alleged co-defendant's guilty plea, to charges apparently

---

raised to the state's highest court, and procedurally impossible to raise there now, is procedurally barred from review in federal habeas)

what petitioner was indicted for. This evidence was irrelevant and highly prejudicial.

Issue 3 in brief

Counsel at post-conviction hearing ommissions continued as he again failed to raise before the court, trial counsel's failure to raise the required contemporaneous objection to solicitor's conduct and remarks at his closing arguments. Solicitor introduced and referred to statement, then began reading from excluded statement verbatim in the presence of the jury.

Claim 2 in brief

Solicitor's improper conduct and remarks at his closing arguments sustained prejudice to petitioner not receiving a fair trial, when he referred to, and read verbatim from statement, that was ruled inadmissible as evidence, in the presence of the jury.

II. Applicable Law

A. Summary Judgment Standard

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

> information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Habeas Corpus Statute of Limitations

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute further provides that "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the

pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

III. Discussion

A. Petitioner's Application Is Time-Barred

Respondent argues that Petitioner's habeas petition should be dismissed because all of Petitioner's claims are barred by the statute of limitations. ECF No. 20 at 22. Petitioner concedes that his claims are successive with the exception of his claim of ineffective assistance of PCR counsel.[9] ECF No. 32 at 1. Petitioner contends he is entitled to relief on this single claim. *Id.* The court disagrees with Petitioner and finds his petition is time barred.

The AEDPA provides that "[a] 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). The time limit begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The United States Supreme Court recently interpreted the two prongs of 28 U.S.C. § 2244(d)(1)(A) as follows:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because [petitioner]

---

[9] The court does not address the merits of Petitioner's claims, which he concedes are successive as the court is without jurisdiction to do so, absent leave from the Fourth Circuit. *Thomas v. Bodison*, No. 6:09–2200–HMH–WMC, at *2 (D.S.C. Nov.9, 2009) ("In the absence of pre-filing authorization from the court of appeals, the district court is without jurisdiction to consider a second or successive application.")

13

> did not appeal to the State's highest court, his judgment became final when his
> time for seeking review with the State's highest court expired.

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Here, it is undisputed that Petitioner did not seek review by the United States Supreme Court. Accordingly, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review expired. 28 U.S.C. § 2244(d)(1)(A). As in *Gonzalez*, Petitioner's judgment of conviction became final "when his time for seeking review with the State's highest court expired." *Gonzalez*, 132 S. Ct. at 653-54.[10]

Review of the record indicates Petitioner's federal habeas petition was not timely filed. As previously summarized, Petitioner timely appealed his convictions and sentences and his appeal was perfected with the filing of a Final *Anders* Brief of Appellant, ECF No. 20-15. The Supreme Court of South Carolina is the highest court in South Carolina. To pursue review with South Carolina's highest court by petitioning for a writ of certiorari,[11] Petitioner was required to first petition the Court of Appeals for rehearing. *See* Rule 242(c), SCACR (providing that a decision of the Court of Appeals "is not final for the purpose of review by the Supreme Court

---

[10] The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in that Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S. Ct. at 653-54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)).

[11] In a case decided after Petitioner's appeal, the South Carolina Supreme Court decreed that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review." *State v. Lyles*, 673 S.E.2d 811, 813 (S.C. 2009).

until the petition for rehearing or reinstatement has been acted on by the Court of Appeals."). Petitioner did so. ECF No. 20-9. The Court of Appeals denied the Petition for Rehearing En Banc in an order dated December 17, 2003. ECF No. 20-10.

Any petition for further review would have been due by January 16, 2004. *See* Rule 242(c), SCACR (requiring petition for certiorari be filed "within thirty (30) days after the petition for rehearing or reinstatement is finally decided by the Court of Appeals."). Pursuant to *Gonzalez*, the statute of limitations began running after that date, or on January 19, 2004 (because January 16, 2004 was a Friday, the statute of limitations would be counted from the following Monday). The South Carolina Court of Appeals issued the remittitur on February 5, 2004. ECF No. 20-11.[12]

Petitioner subsequently filed his first PCR application on May 27, 2004, which tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). One-hundred-twenty-nine days had elapsed when Petitioner filed his first PCR application, leaving 236 days within which Petitioner could have timely filed a federal habeas petition. The statute of limitations remained tolled until 30 days after the issuance of the PCR court's order on May 18, 2006, or until June 19, 2006.[13] Petitioner did not file this habeas action until September 6, 2011 over 1900 days after the statute of limitations had run. Clearly, Petitioner's habeas petition is

---

[12] Respondent's brief, filed before the Court issued the *Gonzalez* decision on January 10, 2012, uses the date the remittitur was issued, as the date triggering the beginning of the statute of limitations. ECF No. 20 at 22-23. Even using the later date as the date the statute of limitations began to run, Petitioner's federal habeas action would be untimely.

[13] *See* Rules 203(b)(1) and 243(b), SCACR (notice of appeal should be filed within thirty days of receipt of written notice of entry of the order or judgment).

untimely. The filing of Petitioner's second PCR application on June 4, 2007 did not toll the AEDPA statute of limitations because the statute of limitations had already expired when the application was filed. *See Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d) and must be dismissed.

### B. The Statute of Limitations Should Not Be Equitably Tolled

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing a habeas petition. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris*, 209 F.3d 325. Petitioner argues he should be "granted a belated appeal from the denial of his first PCR because his original PCR has not been fully and properly adjudicated."[14] ECF No. 32

---

[14] In his second PCR application, Petitioner claimed that his first PCR counsel failed to appeal the denial of his first application for PCR and that he was entitled to an *Austin* appeal. ECF No. 20-16 at 19 (citing *Austin v. State*, 409 S.E.2d 395 (S.C. 1991)). An *Austin* appeal permits an appeal of a PCR application after the statute of limitations has expired if the criminal defendant "either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." *Odom v. State*, 523 S.E.2d 753, 755 (1999). The PCR court's Order denying Petitioner's request found that: Petitioner testified that he did not tell PCR counsel to file an appeal, and that he and PCR counsel never discussed the court's ruling or his right to appeal; Petitioner stated that he did not ask PCR counsel to file an appeal because he did not think he had to tell PCR counsel that he wanted to appeal; Petitioner testified that he understood an appeal would be filed on his behalf, and that he felt that PCR counsel would automatically file all of the documents and information related to an appeal; and that Petitioner also stated that he filed a pro se direct appeal brief on his own behalf. ECF No. 20-20 at 7-8. The Order also outlined PCR counsel's testimony as follows: counsel went to see Petitioner immediately after his first PCR hearing to see if he understood the court's ruling; he also advised Petitioner of his right to appeal the Order of the PCR court during that conversation; he testified that Petitioner was not satisfied with his services; and that Petitioner indicated to him that he would handle it from there. *Id.* at 8-9. The PCR court found Petitioner was not entitled to an *Austin* appeal and that that Petitioner had waived his right to have PCR counsel file an appeal of the May 17, 2006 Order denying post-conviction relief in the 2004-CP-46-1362 action. *Id.* at 9. The PCR court's position was that the benefit of any doubt should be given to an Applicant to insure a "full bite of the apple," in an initial application for Post-Conviction Relief. However, looking at the totality of the proceedings in Petitioner's trial, direct appeal, and PCR proceedings, the PCR court determined that it was clear that Petitioner was aware of his right to appeal, as well as the time requirement and procedure for appeal. *Id.* The court found Petitioner's testimony that he thought an appeal would automatically be filed on his behalf was

at 12. Petitioner contends he was "prevented from seeking any review of the denial of his PCR application." *Id.* at 18. The court construes Petitioner's argument as one for equitable tolling.

The Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, rarely will circumstances warrant equitable tolling of the AEDPA limitations period:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris*, 209 F.3d at 330. The respondent bears the burden of asserting the AEDPA's statute of limitations, *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002); the petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the equitable-tolling doctrine, *Rouse*, 339 F.3d at 246.

In 2010, the United States Supreme Court considered the issue and also held that § 2244 "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) (noting Court assumed without

---

not credible in light of his failure to continue the services of Mr. Niemiec as his PCR counselor and failure to request that Niemiec file an appeal. *Id.*

deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitably tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418)).

Here, Petitioner has not satisfied his burden of demonstrating entitlement to equitable tolling. He contends his failure to appeal was due to ineffective counsel, which is an argument the PCR court found to be without merit. As explained above, only extraordinary circumstances will allow equitable tolling of a lapsed AEDPA time period, and attorney error usually is not an extraordinary circumstance. Petitioner has failed to show that he was prevented from timely filing by extraordinary circumstances that were beyond his control. Further, Petitioner has not shown that he diligently pursued his rights. He did not file this Petition until over five years after the statute of limitations had run. Further, despite express instruction from the court regarding his responsibilities in filing any appeal from the order denying his second PCR application, ECF No. 20-20 at 10, the record contains no indication that Petitioner appealed from that denial. Accordingly, equitable tolling of the statute of limitations is not merited. Based upon the foregoing, the petition was not timely filed, and it is barred by Section 2244(d)(1).[15]

---

[15] Because the court finds that the statute of limitations bars Petitioner's § 2254 petition, it is precluded from addressing the merits of his claims.

IV.     Conclusion and Recommendation

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment, ECF No. 21, be GRANTED and the Petition be DENIED.

IT IS SO RECOMMENDED.

July 18, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**