# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

Mark Anthony Owens, #281410,       )
                                   )
    Petitioner,            )
                                   )
        vs.            )    Civil Action No. 5:11-2397-RMG
                                   )
Robert M. Stevenson, III, Warden of Broad )
River Correctional Institution,    )
                                   )    **ORDER**
    Respondent.            )
                                   )
_____ )

In this action, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254. (Dkt. No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Rule

73.02(B)(2), D.S.C., this case was referred to the Magistrate Judge for pre-trial handling.

Respondent filed a return and moved for summary judgment on December 5, 2011, asserting

*inter alia* that the Petition was untimely because the one year statute of limitations period

provided under 28 U.S.C. § 2244(d)(1) had expired when the Petition was filed on September 9,

2011. (Dkt. Nos. 20 at 22-26; 21 ). Petitioner filed a response to this motion. (Dkt. No. 32).

The Magistrate Judge issued a Report and Recommendation on July 18, 2012 recommending that

Respondent's motion for summary judgment be granted on the basis that the statute of limitations

for filing the habeas petition had expired at the time the Petition was filed and there was

otherwise not a basis for equitable tolling. (Dkt. No. 35 at 13-19). Petitioner filed an objection to

the Report and Recommendation. (Dkt. No. 45).

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection has been made. This Court may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The Magistrate Judge carefully recounted the various dates for Petitioner's conviction in state court, completion of his direct state court appeal, completion of his state post-conviction relief applications and the filing of this habeas petition. Based upon this well documented summary and the Magistrate Judge's analysis of controlling case law, it is quite clear that Petitioner's habeas petition, filed on September 6, 2011, was markedly untimely. The Court has also reviewed the Magistrate Judge's factual summary and analysis of the case law regarding the issue of equitable tolling and finds that it accurately summarizes the law and correctly concludes that Petitioner is not entitled to relief under the principle of equitable tolling.

## Conclusion

The Court, having fully reviewed the factual record, memoranda submitted by the parties, the Report and Recommendation and the applicable case law, hereby adopts the Report and Recommendation as the Order of the Court. Therefore, Respondent's motion for summary judgment is hereby **GRANTED** and Petitioner's Petition is **DISMISSED.**

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

Charleston, South Carolina
September 5, 2012

-3-